## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEBORAH RASMUSSEN, | : | |
| ELAINE TOTH, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | No. 3:06CV99 (MRK) |
| v. | : | |
| | : | |
| PAULINE M. SCINTO, AS TRUSTEE | : | |
| OF THE SCINTO FAMILY TRUST, | : | |
| AND PAULINE M. SCINTO, | : | |
| INDIVIDUALLY | : | |
| | : | |
| Defendants. | : | |

### RULING AND ORDER

In this action, Plaintiffs Deborah Rasmussen and Elaine Toth sue Defendant Pauline M. Scinto, both individually and as the trustee of the "Scinto Family Trust" (the "Trust"). Plaintiffs, Connecticut residents, allege that Ms. Scinto, a Florida resident, knowingly misrepresented the wishes of her late husband and Plaintiffs' uncle, Patrick J. Scinto, concerning Plaintiffs' inheritance from the Trust. Ms. Scinto has filed a Motion to Dismiss [doc. # 9] on grounds that this Court lacks personal jurisdiction over her and subject matter jurisdiction over the suit, and also that Plaintiffs' claim for fraud fails to state a claim upon which relief may be granted. Because this Court lacks personal jurisdiction over Ms. Scinto, Defendant's Motion to Dismiss is GRANTED.

According to the Complaint [doc. # 1], Patrick and Pauline Scinto established the Trust in May 2002. The Trust was established in Florida, is administered in Florida, and is governed by Florida law. Mr. Scinto died in March 2004. Plaintiffs contend that, under Mr. Scinto's estate plan, they were entitled to an inheritance from the Trust. Plaintiffs allege that Ms. Scinto sent a letter from Florida to Ms. Rasmussen in Connecticut on April 7, informing her that Mr. Scinto had told the person taking care of his affairs that he had deleted all gifts from his estate and that Ms. Scinto was

to use the Trust as she wished.  Plaintiffs also contend that they communicated with Ms. Scinto and her attorney in Florida regarding their inheritance on April 20, 2005, May 25, 2005, and June 6, 2005.  According to Plaintiffs, Ms. Scinto thereafter amended the Trust on September 13, 2005, though Ms. Scinto did not have the right, as trustee, or any reason to amend the Trust.  Plaintiffs further allege that the Trust was wrongfully amended so as to revoke any and all gifts to which they were entitled under Mr. Scinto's estate plan.

Plaintiffs assert that Ms. Scinto's letter to Ms. Rasmussen of April 7 was a knowing false representation, because the Trust was amended later to take out the gifts, and Ms. Scinto would have known of the Trust's obligations as its beneficiary, sole Trustee, and fiduciary to all named beneficiaries.  Plaintiffs further aver that the April 7 representation was intended to induce them to forgo any claim against Mr. Scinto's estate and to convince them that Mr. Scinto had disinherited them, and they allege that they detrimentally relied on these representations.  Finally, Plaintiffs claim that Ms. Scinto as Trustee violated her fiduciary duty to her husband and to all Trust beneficiaries by amending the Trust in September, 2005.  Plaintiffs claim that this caused irreparable harm to them and to Mr. Scinto (in not having his final wishes properly followed) and that this irreparable harm was a reasonably foreseeable consequence of Ms. Scinto's actions.

Ms. Scinto contests Plaintiffs' chronology of events with respect to the amendment affecting the distribution of gifts.  However, the Court need not address the merits of the parties' claims because it concludes that it does not have personal jurisdiction over Ms. Scinto, individually or as Trustee of the Scinto Family Trust.

When a defendant moves to dismiss an action for lack of personal jurisdiction under Rule 12(b)(2) of the *Federal Rules of Civil Procedure*, the plaintiff has the burden of establishing that the court has jurisdiction over the defendant. *Chase v. Cohen*, No. 3:04CV588, 2004 WL 3087557, at

*3 (D. Conn. Dec. 29, 2004); *Haynes Constr. Co. v. Int'l Fid. Ins. Co.*, No. 3:03CV1669, 2004 WL 1498119, at *2 (D.Conn. June 23, 2004); *see also In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).  Before discovery, a plaintiff may defeat a motion to dismiss by making a *prima facie* showing through affidavits and other evidence that the defendant's conduct was sufficient to warrant the exercise of personal jurisdiction.  *See DiStefano v. Carozzi North Am., Inc.*, 286 F.3d 81, 85 (2d Cir. 2001); *see also Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981); *Haynes*, 2004 WL 1498119, at *2.  "In diversity cases, federal courts must look to the forum state's long-arm statute to determine if personal jurisdiction may be obtained over a nonresident defendant."  *Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990).  "If jurisdiction is appropriate under the relevant statute, the court must then decide whether exercise of jurisdiction comports with due process."  *Id.*; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (adopting a "minimum contacts" analysis).

Because discovery was not complete at the time the motion to dismiss was filed, Plaintiffs may defeat Ms. Scinto's motion by making a *prima facie* showing of personal jurisdiction under Connecticut's long-arm statute that does not implicate constitutional due process concerns. Recognizing that the Court must "construe the pleadings and affidavits in the light most favorable to [the Plaintiffs], resolving all doubts in [their] favor," *DiStefano*, 286 F.3d at 84, the Court is nonetheless convinced that Plaintiffs have failed to make such a *prima facie* showing of personal jurisdiction over Ms. Scinto.

Under the Connecticut long-arm statute, Conn. Gen. Stat. § 52-59b(a), this Court can assert personal jurisdiction over Ms. Scinto if she:

> (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, . . . if such person or agent (A) regularly does or solicits business,

3

or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state.

Plaintiffs allege that both subsection (1) and subsection (3) supports jurisdiction over Ms. Scinto. The Court disagrees.

First, there is no support whatsoever for Plaintiffs' claim that Ms. Scinto has transacted business in Connecticut, either individually or as Trustee. Ms. Scinto's unrebutted affidavit establishes that she does not (1) own, use, or possess any real property in the state, Def.'s Mem. of Law in Supp. of Pauline M. Scinto's Mot. to Dismiss for Lack of Personal Jurisdiction and Subject Matter Jurisdiction and Mem. of Law in Supp. of Pauline M. Scinto's Mot. for More Definite Statement [doc. # 10] Ex. A ¶ 1[1]; (2) have a Connecticut telephone number, Ex. A ¶ 34; (3) have any ownership interest in bank or investment accounts in the state, Ex. A ¶ 35; (4) engage in any persistent course of conduct or derive substantial revenue from goods used or consumed or services rendered in the state, Ex. A ¶ 36; (5) transact, solicit, or conduct business in the state, Ex. A ¶ 37; (6) derive substantial revenue from interstate or international commerce, Ex. A ¶ 38; or (7) use a computer or a computer network within the meaning of the relevant Connecticut statutes, Ex. A ¶ 39.  While the Connecticut Supreme Court "construes the term 'transacts any business' to embrace a single purposeful business transaction," *Zartolas v. Nisenfeld*, 184 Conn. 471, 474 (Conn. 1981), "[t]he transmission of communications between an out-of-state defendant and a [party] within the jurisdiction does not, by itself, constitute the transaction of business in the forum state," *Bell v. Shah*,

---

[1]For the sake of brevity, all citations in this paragraph refer to the Affidavit of Pauline M. Scinto, attached to her Motion to Dismiss as Exhibit A.

4

2006 WL 860588, at *2 (D.Conn. Mar. 21, 2006).  Moreover, the single transaction at issue in *Zartolas* was "[t]he execution of a warranty deed pursuant to a sale of real property," and was "a legal act of a most serious nature.  It use[d] terms and procedures commonly associated with business and involve[d] a financial transaction. " *Zartolas*, 184 Conn. at 475. As a result, the Connecticut Supreme Court had little difficulty concluding that the "execution of such deed clearly falls within the appropriately broad meaning of the term 'business' in *General Statutes s 52-59b*." *Id*.; *see also Irwin v. Mahnke*, 2006 WL 691993, at *3 ("[T]he deed [in *Zartolas*] conveyed land in Connecticut and . . . by owning land in Connecticut the defendants invoked the benefits and protection of Connecticut's laws of real property, including, as an incident of ownership, the right to sell the property.  It further reasoned that, if the defendants breached the warranties, the breach occurred because of an act committed in Connecticut.") By contrast, Ms. Scinto's letter cannot be seen as invoking the benefits and protection of Connecticut's laws, nor is it alleged to have employed terms and procedures commonly associated with business.   Accordingly, Ms. Scinto has not transacted any business in Connecticut within the meaning of the long-arm statute.

Second, the provision on committing "a tortious act outside the state causing injury to person or property within the state" - is inapplicable because Ms. Scinto neither conducts substantial business in Connecticut, nor derives substantial income from interstate or international commerce, all as required by the Connecticut statute.  In fact, Ms. Scinto's only contact with Connecticut was a single letter that she sent to Ms. Rasmussen on April 7, and three letters that Plaintiffs sent to Ms. Scinto and her counsel in Florida.  Of course, the letters Plaintiffs themselves sent to Ms. Scinto and her counsel in Florida cannot provide a basis for concluding that Ms. Scinto was engaged in a persistent course of conduct in Connecticut.  Plaintiffs are therefore left with a single letter that Ms. Scinto sent Ms. Rasmussen from Florida on April 7, denying Ms. Rasmussen's inheritance and

allegedly in breach of Ms. Scinto's fiduciary duty.  While Plaintiffs argue that this letter rises to the level of a "persistent course of conduct," Pls.' Mem. of Law in Opp. to Defs.' Mot. to Dismiss for Lack of Personal Jurisdiction and Subject Matter Jurisdiction [doc. # 13-2] at 5, the Court disagrees that this single letter reflects a "persistent course of conduct" within the meaning of Connecticut law. *See, e.g.*, *Marczeski v. Kamba*, 2001 U.S. Dist. LEXIS 12555, at *8 (D. Conn. Feb. 21, 2003) (refusing to consider defendants' many phone calls from Colorado to plaintiff in Connecticut as sufficient to find a "persistent course of conduct" under the Connecticut long-arm statute).

The Court's conclusions above obviate the need for the it to finally resolve whether the exercise of personal jurisdiction over Ms. Scinto would raise due process concerns.  However, the Court notes that based on the facts before it, Ms. Scinto's actions can in no way be seen as "act[s] by which the defendant purposely avail[ed] [herself] of the privilege of conducting activities within the State, thus invoking the benefits and protections of its laws."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see Savin*, 898 F.2d at 307 (quoting *World Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 299 (1980)).

Accordingly, the Court GRANTS the Motion to Dismiss [doc. # 9] and dismisses this action against Ms. Scinto for lack of personal jurisdiction.  **The Clerk is directed to close this file**.


IT IS SO ORDERED,


/s/ _____Mark R. Kravitz_____
United States District Judge


**Dated at New Haven, Connecticut on: September 5, 2006.**

6